**Creitz & Serebin LLP**

Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
250 Montgomery Street, Suite 1410
San Francisco, CA 94104
415.466.3090 (tel)
415.513.4475 (fax)

Law Offices of Jeffrey C. Metzger
Jeffrey C. Metzger, CBN
5120 Campus Drive, Suite 150
Newport Beach, CA 92660
949.756.1196 (tel)
949.756.0830 (fax)

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| KAREN TOMLINSON, an individual,<br><br>Plaintiff,<br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation in its capacities as a fiduciary and claims administrator of the ERISA-regulated KAISER FOUNDATION HEALTH PLAN, INC. LONG-TERM DISABILITY PLAN, and the KAISER FOUNDATION HEALTH PLAN, INC. LONG-TERM DISABILITY PLAN,<br><br>Defendants. | Case No.: 17-cv-540<br><br>**COMPLAINT FOR BENEFITS AND FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA)** |

*TOMLINSON v. METROPOLITAN LIFE, et al.*
COMPLAINT – *Case No. 17-cv-540*          1

# JURISDICTION

1. Jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States. Pursuant to ERISA § 502(h), a copy of this Complaint has been served upon the United States Secretary of Labor, and the United States Secretary of the Treasury.

# VENUE

2. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and/or the breaches described below occurred within the territorial limits of this District and/or a defendant may be found within the territorial limits of this District.

# PARTIES

3. Karen Tomlinson (hereinafter "Ms. Tomlinson" and/or "Plaintiff") is, and at all times mentioned herein was, a participant, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in the Kaiser Foundation Health Plan, Inc. Long Term Disability Plan (the "Plan"). Plaintiff is, and at all times mentioned herein was, a California resident, residing in Concord, California.

4. The Plan is, and at all times mentioned herein was, an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), administered in Oakland, California. The Plan is named as a defendant in this action solely to ensure complete relief.

5.    Plaintiff is informed and believes that Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") is, and at all times mentioned herein was, a corporation formed under the laws of the state of New York, with its principal place of business in New York, New York; licensed by the California Department of Insurance to do business in California, and doing business throughout the state of California.  At all times relevant herein, the Plan provided long-term disability ("LTD") benefits to employees of Kaiser Permanente Health Plan, Inc., including Plaintiff, funded by a group policy insurance contract with MetLife. MetLife is a claim fiduciary responsible for paying benefits under the Plan and making decisions regarding eligibility for benefits under the Plan.  As such, MetLife is a plan administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).  As plan administrator, and as an entity that exercised discretion over Plan administration and assets, MetLife is, and at all times mentioned herein was, a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  As a fiduciary that makes benefit determinations and funds those same benefits, MetLife operates under an inherent structural conflict of interest.

**FACTUAL ALLEGATIONS**

6.    Ms. Tomlinson was employed by Kaiser Permanente Health Plan, Inc. ("Kaiser") as a registered Nurse. On her last day of work, September 15, 2014, she held the position of Staff Nurse II/Advice Nurse for Kaiser's hospice skilled nursing facility. Her position required focused, complex decisionmaking, frequently in urgent and emergent circumstances, arising from the complications of end-of-life care. She is now and at all times relevant hereto has been suffering from an active, ongoing, disabling infectious process diagnosed as chronic Lyme Disease and/or Chronic Fatigue Syndrome.  As a result of her illness, Ms.

Tomlinson suffers constant and debilitating pain and chronic fatigue, necessitating a daily cocktail of potent painkillers and other medications. Her daily life is characterized by crippling pain, severe fatigue, overwhelming cognitive dysfunction, persistent depression, anxiety, excruciating headaches, frequent nausea and insomnia. Ms. Tomlinson's symptoms are erratic and unpredictable in both onset and severity. Her immune system is significantly weakened and thus, her condition prevents her from engaging in virtually any social interaction. Ms. Tomlinson is fully disabled and unable to perform any of the functions of her own occupation or any other occupation.

7. Ms. Tomlinson filed a claim for long-term disability benefits and a life insurance waiver of premium under the Plan. On July 27, 2015, MetLife exercised its fiduciary discretion over the Plan's administration and denied her long-term disability benefits. On September 29, 2015, MetLife exercised its fiduciary discretion over the Plan's administration and denied Ms. Tomlinson's life insurance waiver of premium.

8. Subsequent to MetLife's denial of her long-term disability benefits and life insurance waiver of premium, Ms. Tomlinson applied for and was awarded Social Security disability benefits based upon the Social Security Administration's finding that she was completely disabled from performing any occupation in the national economy. Ms. Tomlinson provided notice of her favorable Social Security determination to MetLife on April 24, 2016. MetLife promised to evaluate the Social Security award and reconsider MetLife's denial of Ms. Tomlinson's benefits in light of the social security disability benefits award, but MetLife never followed through or did so.

9. MetLife's denials of Ms. Tomlinson's long-term disability benefits and life insurance waiver of premium were made without sufficient investigation

of the claims, or any request for additional information. Although the Plan gave MetLife the right to an in-person examination of Ms. Tomlinson to better investigate her claims, MetLife failed to do so. MetLife's denials failed to articulate what specific additional information Ms. Tomlinson could have or should have provided in order to perfect her claims. Ms. Tomlinson submitted a timely administrative appeals of MetLife's denial of her long-term disability benefits and life insurance waiver of premium, but MetLife affirmed its adverse benefit determination and its denial of life insurance waiver of premium on appeal.

10. Ms. Tomlinson has exhausted her administrative appeals, and satisfied all other conditions precedent to suit.

11. Whether Ms. Tomlinson is eligible for long-term disability benefits and a life insurance waiver of premium under the Plan shall be decided by the court on *de novo* review. *De novo* review is applicable because the Plan does not properly confer discretionary authority to MetLife to decide questions or eligibility for long-term disability benefits, and even if it did California Insurance Code Section 10110.6 renders such discretionary authority void as a matter of California law.

### FIRST CAUSE OF ACTION

**(Claim for Long-Term Disability Benefits and for Clarification of Rights to Future Benefits Under the Terms of the Plan pursuant to ERISA § 502(a)(1)(B))**

12. Ms. Tomlinson realleges and incorporates by reference all allegations contained in paragraphs 1 through 11, as if fully stated herein.

13. ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1 require every employee benefit plan, including an employee welfare benefit plan, to follow certain minimum procedures pertaining to claims for benefits and to

provide "adequate notice in writing" to participants whose claims for benefits under a plan have been denied. 29 C.F.R. § 2560.503-1(b)(5) requires that claims procedures contain administrative processes and safeguards designed to ensure and verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, plan provisions have been applied consistently with respect to similarly situated claimants.

14. Employee benefit plans must further afford a reasonable opportunity for participants to receive a "full and fair review" after a claim for benefits has been denied. ERISA's claims regulation, 29 C.F.R. § 2560.503.1-(g) requires that communications denying benefits must be clear and presented in language that an ordinary participant can understand, and further requires plan administrators to inform participants in such communications what additional information they could should have provided in order to perfect their claim.

15. In committing the acts and omissions herein alleged, Defendants have violated ERISA § 503, 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

16. Ms. Tomlinson is informed and believes, and thereon alleges, that Defendants have also violated 29 C.F.R. § 2560.503-1(b)(5) by providing benefits to other participants under circumstances similar to those of the Ms. Tomlinson.

17. Defendant MetLife's adverse benefit determinations are contrary to the documents and instruments governing the Plan, and are also inconsistent with the reasonable expectations of Ms. Tomlinson to receive long-term disability benefits and a life insurance waiver of premium under the Plan based upon her total disability.

18. As a result of the violations of ERISA by MetLife, and the Plan's failure to pay benefits to which Ms. Tomlinson is entitled, Ms. Tomlinson is entitled to recovery pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B),

1  which permits recovery of benefits due under the terms of an employee benefit
2  plan.
3    19. Ms. Tomlinson is further entitled to a clarification of her rights to
4  future benefits under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), 29
5  U.S.C. § 1132(a)(1)(B).

## SECOND CAUSE OF ACTION

**(Breaches of Fiduciary Duty Under ERISA § 502(a)(3))**

  20. Ms. Tomlinson realleges and incorporates by reference all allegations contained in paragraphs 1 through 19, as if fully stated herein.

  21. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

  22. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

  23. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

  24. In committing the acts and omissions herein alleged, MetLife breached its fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

  25. Ms. Tomlinson is informed and believes, and thereon alleges, that

1  MetLife has awarded long-term disability or other comparable benefits to other
2  participants under circumstances similar to those of the Ms. Tomlinson.  The
3  failure to provide long-term disability benefits to Ms. Tomlinson as it has done
4  so for other Plan participants in similar circumstances constitutes a breach of its
5  fiduciary duties in violation of ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§
6  1104(a)(1)(A) and (B), wherefore Ms. Tomlinson is entitled to appropriate
7  equitable relief including but not limited to injunction and surcharge.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Tomlinson prays judgment as follows:

A. For long-term disability benefits under the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

B. For an award of benefits and an order clarifying Plaintiff's right to future benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), including but not limited to long-term disability benefits and the restoration of her life insurance premium waiver benefit;

C. For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of her rights hereunder with respect to Defendant MetLife; an injunction against further failure to provide her benefits, and surcharge for any pecuniary injuries Ms. Tomlinson has suffered as a consequence of Defendant MetLife's breaches of its ERISA fiduciary duties;

D. For reasonable attorneys' fees and costs incurred by Plaintiff in the prosecution of this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E. For pre-judgment interest and post-judgment interest on any and all amounts awarded to Ms. Tomlinson; and

F. For all such other relief as the Court deems appropriate and

equitable.

DATED this 2nd day of February, 2017.

**Creitz & Serebin LLP**

By  /s/ Lisa S. Serebin
    Lisa S. Serebin
    Attorneys for Plaintiff Karen Tomlinson

LAW OFFICES OF JEFFREY C. METZGER

By  /s/ Jeffrey C. Metzger
    Jeffrey C. Metzger
    Attorneys for Plaintiff Karen Tomlinson